NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICIA FISCHER,

        Plaintiff,

v.

FCA US LCC,

        Defendant.

Civil Action No. 18-10498 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant FCA US LLC's ("Defendant") Motion to Dismiss. (ECF No. 3.) Plaintiff Patricia Fischer ("Plaintiff") opposed (ECF Nos. 5, 6)[1] and Defendant replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies without prejudice Defendant's Motion to Dismiss.

**I.**     **Background**[2]

Plaintiff was involved in an accident on or about December 3, 2015, with a vehicle Defendant manufactured "and/or" distributed. (Compl., ECF No. 1-4.) The accident occurred due

---

[1] Plaintiff filed two seemingly identical Opposition briefs on July 23, 2018 and July 24, 2018. (ECF Nos. 5, 6.) For the remainder of this Memorandum Opinion, the Court cites to Plaintiff's July 23, 2018 Opposition brief (ECF No. 5.)

[2] For the purposes of the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

to a defect in the vehicle, causing it to move forward while in park, which caused it to come into contact with Plaintiff's leg. (*Id.*) The incident injured Plaintiff. (*Id.*)

On November 30, 2017, Plaintiff initiated the instant action in the Superior Court of New Jersey, Law Division, Ocean County ("State Court"). (Compl.) On December 1, 2017, the State Court issued a Track Assignment Notice, which places any civil action filed in State Court on one of four tracks and sets a certain time for discovery. (Def.'s Moving Br., Ex. C ("Track Assignment Notice"), ECF No. 3-2.) This matter was placed on Track 3 and discovery was set for 450 days, running from the first answer or ninety days from service on the first defendant, whichever came first. (*Id.*)

On April 14, 2018, the State Court entered a Notice of Dismissal pursuant to New Jersey Court Rule 1:13-7, notifying Plaintiff that the State Court would dismiss the action for lack of prosecution unless Plaintiff took action by June 12, 2018. (Def.'s Moving Br., Ex. D ("Dismissal Notice"), ECF No. 3-2.) On May 18, 2018, Defendant was served with the Summons and Complaint. (Def.'s Moving Br. 4-5, ECF No. 3-1.) On June 13, 2018, Defendant removed the matter to this Court. (Def.'s Notice of Removal, ECF No. 1.) On July 16, 2018, Defendant filed the instant Motion to Dismiss (ECF No. 3), which Plaintiff opposed (ECF No. 5). Defendant replied. (ECF No. 7.)

Defendant argues that the Court should dismiss Plaintiff's complaint because she violated New Jersey Court Rules by serving Defendant after the statute of limitations for her claim had expired. (Def.'s Moving Br. 5-9.) Defendant states, "[P]laintiff waited almost six months after filing the Complaint and receiving the Track Assignment Notice before attempting to serve the Summons and Complaint on [Defendant]." (*Id.* at 6.) Defendant further contends that Plaintiff's delay in serving the Summons and Complaint prior to the statute of limitation's expiration effectively extended the statute of limitations by several months. (*Id.* at 8-9.) Defendant also

2

argues, "[T]he subject lawsuit involves allegations of product liability and [its] ability to prepare its defense has been severely prejudiced due to [P]laintiff's failure to timely serve the Summons and Complaint." (*Id.* at 8.) Defendant claims it was prejudiced because Plaintiff deprived it of the "repose and security that New Jersey's two-year statute of limitations provides." (Def.'s Reply Br. 6, ECF No. 7.)

In support of its argument, Defendant cites *Moschou v. DeRosa*, 471 A.2d 54 (N.J. Super. Ct. App. Div. 1984). (*Id.* at 4-5.) In *Moschou*, the applicable state statute of limitations was six years, and the complaint was filed thirty-seven days prior to the statute's expiration. *Id.* at 54. The summons, however, was not served for another seventy-eight days after the filing, and was therefore served after the statute of limitations had expired. *Id.* The defendant moved for dismissal on the basis of non-compliance with New Jersey Court Rule 4:4-1, arguing that the summons had not been issued within ten days of the filing. *Id.* The defendant also argued he would be prejudiced if the case was allowed to proceed because he had disposed of his books and records pertaining to the transaction at issue after the statute of limitations had expired. *Id.* at 55. The court agreed and found the defendant would be prejudiced if the case were to proceed because the defendant had disposed of the documents. *Id.* at 56.

In opposition, Plaintiff argues she complied with New Jersey Court Rule 1:13-7, which discusses procedures for dismissing a case for lack of prosecution. (Pl.'s Opp'n Br. 3-4, ECF No. 5 (citing N.J. Ct. R. 1:13-7).) Plaintiff asserts she complied with this rule by serving Defendant within thirty days of receiving that notice. (Pl.'s Opp'n Br. 6.) Plaintiff also seemingly argues excusable neglect in her untimely service, stating, "In the ideal world, all rules are followed; in practice, people may fall short." (*Id.* at 1.) Plaintiff further contends Defendant failed to demonstrate prejudice, and only provides general, conclusory statements in support of its assertion. (*Id.* at 7 (citing *Baskett v. Cheung*, 28 A.3d 1255, 1259 (N.J. Super. Ct. App. Div. 2011)).)

3

Plaintiff also argues that the Court should not dismiss the Complaint because there is a judicial preference for claims to be adjudicated on their merits. (Pl.'s Opp'n Br. 1-3.). In support of her argument, Plaintiff quotes the New Jersey Appellate Division, stating "the shepherding function we serve is abused by unnecessarily closing the courtroom doors to a litigant whose only sin is to retain a lawyer who delays filing an answer . . . . Eagerness to move cases must defer to our paramount duty to administer justice in the individual case." *Audobon Volunteer Fire v. Church Constr. Co.*, 502 A.2d 1183, 1184 (N.J. Super. Ct. App. Div. 1986). Plaintiff argues that this principle should apply here as well.

## II. <u>Standard of Review</u>

Preliminarily, the Court notes that "[b]ecause the Federal Rules of Civil Procedure are effective only for procedural issues arising after removal, the pending motion regarding service of process will be decided according to state procedural rules." *Fernandez v. Crown Equip. Corp.*, No. 07-4032, 2008 WL 2355422, at *2 (D.N.J. June 4, 2008). New Jersey Court Rule 4:37-2(a) provides, "For failure of the plaintiff to cause a summons to issue within [fifteen] days from the date of the Track Assignment Notice . . . the court in its discretion may on defendant's motion dismiss an action or any claim against the defendant. Such dismissal shall be without prejudice unless otherwise specified in the order." As the Rule's language provides, the Court's "decision to dismiss for improper service of process is a matter of discretion . . . ." *Fernandez*, 2008 WL 2355422, at *2.

"[D]ismissal is reserved for those situations [when] no lesser sanction will erase the prejudice of the non-delinquent party." *Id.* (internal quotations and citation omitted) (quoting *Olds v. Donnelly*, 696 A.2d 633, 641 (N.J. Sup. Ct. 1997), *superseded by rule on other grounds*, N.J. Ct. R. 4:30A, *as recognized in Sims v. Budd Larner, P.C.*, No. A-1588-11T4, 2012 WL 4741587, at *4 (N.J. Super. Ct. App. Div. Oct. 5, 2012)). An action will not be dismissed due to failure to

issue timely summons "when the defendant is not prejudiced, the complaint appears to be meritorious, and the failure to make proper service is attributable solely to the neglect of plaintiff's attorney." *Id.* (quoting *Olds*, 696 A.2d at 641).

III. **Discussion**

The Court follows the guidance set forth in *Fernandez*. In *Fernandez*, a personal injury action similar to the instant matter, the plaintiff filed a complaint in State Court one day before the expiration of the statute of limitations, but failed to serve the defendant within the required fifteen-day period. *Fernandez*, 2008 WL 2355422, at *1. The court found that mere conclusory statements of prejudice did not amount to a showing of prejudice. *Id.* at 2. The court also found that it should not dismiss the plaintiff's action when the complaint appeared meritorious, and that the record did not show any intent to delay or malice on behalf of the plaintiff, but rather the delay was due solely to the negligence of the plaintiff's attorney. *Id.*

Here, without making substantive findings, the Court finds Plaintiff's Complaint appears meritorious. Further, unlike *Moschou*, where the defendant had destroyed records pertinent to the litigation, here Defendant merely relies on conclusory allegations without any showing of actual prejudice. *See Moschou*, 471 A.2d at 56 ("[T]here is here a clear demonstration of prejudice . . . which requires a dismissal of the action . . . ."). The Court also finds no evidence of malice or an intent to delay, but rather a delinquency on the part of Plaintiff's attorney. Although the Court is not eager to reward Plaintiff's attorney for failing to follow proper judicial procedures, the Court finds the instant circumstances do not warrant the severe sanction of dismissal. The Court, accordingly, denies Defendant's Motion to Dismiss.

## IV. Conclusion

For the reasons set forth above, the Court denies Defendant's Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE